## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL KEOHANE,<br>Teguh Apartment 36<br>A14#3 Gerbank Erskine<br>Pulau Penang 10470<br>Penang, Malaysia,<br><br>       Plaintiff,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br>Michael B. Mukasey<br>United States Attorney General<br>950 Pennsylvania Avenue, NW<br>Washington, DC 20530-0001<br><br>and<br><br>Jeffrey A. Taylor<br>United States Attorney's Office<br>for the District of Columbia<br>Judiciary Center Building<br>555 Fourth Street, NW<br>Washington, DC 20530,<br><br>       Defendant. | **Civil Action No.**<br><br>**COMPLAINT** |

Paul Keohane ("Plaintiff"), as and for his Complaint against the United States of America ("Defendant"), alleges as follows:

### INTRODUCTION

1.     Section 6331(h)(1) of Title 26 of the United States Code prohibits the Internal Revenue Service ("IRS") from continuously levying in excess of fifteen (15) percent of an individual's federal old-age and survivor's insurance ("Social Security") payments made

pursuant to 42 U.S.C. § 402.

2.      From June 2005 to July 2007, the IRS collected individual income tax against Plaintiff by continuously levying in excess of thirty-five (35) percent of Plaintiff's monthly Social Security payments.

3.      By levying more than fifteen (15) percent of Plaintiff's monthly Social Security payments from June 2005 to July 2007, the IRS recklessly, intentionally, or negligently violated 26 U.S.C. § 6331(h)(1).

4.      Plaintiff sustained damages as a result of contesting the unauthorized levy actions taken by the IRS.  He brings this action, by and through the undersigned counsel, pursuant to 26 U.S.C. § 7433(a) to recover the damages he sustained, as well as any costs of this action.

## PARTIES, JURISDICTION, AND VENUE

5.      Plaintiff is a United States citizen.  He currently resides at Teguh Apartment 36, A14#3 Gerbank Erskine, Pulau Penang 10470, Penang, Malaysia.

6.      Defendant is the United States of America.

7.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1346(a)(2) because Plaintiff asserts a civil action against the United States under 26 U.S.C. § 7433(a).

8.      Plaintiff has exhausted his administrative remedies as required by 26 U.S.C. § 7433(d)(1).

9.      The right of action under 26 U.S.C. § 7433(a) accrued on July 26, 2007, the date of the last levy on Plaintiff's Social Security payments.  This action is filed within the two-year limitation period under 26 U.S.C. § 7433(d)(3).

10.      Venue is proper in this judicial district under 28 U.S.C. § 1402(a)(1) because

2

Plaintiff, a United States citizen not residing in any judicial district, is treated under 26 U.S.C. § 7701(a)(39) as residing in the District of Columbia.

## GENERAL ALLEGATIONS

11.     Plaintiff realleges and incorporates by reference paragraphs 1-10.

12.     In 1994, Plaintiff worked in Jakarta, Indonesia.  He did not timely file a federal income tax return for the taxable year ended December 31, 1994.

13.     On December 8, 1997, pursuant to 26 U.S.C. § 6020(b), the IRS prepared a substitute federal income tax return for Plaintiff's taxable year ended December 31, 1994.  The IRS determined that Plaintiff owed tax in the amount of $18,903.00 and assessed tax in that amount on October 19, 1998.

14.     The IRS credited Plaintiff with withheld income tax of $8,273.00, which amount was deemed paid on April 15, 1995.

15.     To remedy Plaintiff's tax deficiency, the IRS sent Plaintiff notices of intent to levy on or about August 21, 2000, August 28, 2000, April 23, 2002, and May 15, 2002.

16.     The IRS instituted a continuous levy on Plaintiff's Social Security payments as follows:

| Date of Levy | Amount of Levy |
| --- | --- |
| 06/06/05 | $451.90 |
| 07/06/05 | $451.90 |
| 08/04/05 | $451.90 |
| 09/06/05 | $451.90 |
| 10/06/05 | $451.90 |
| 11/04/05 | $451.90 |
| 12/05/05 | $451.90 |
| 01/10/06 | $451.90 |
| 02/06/06 | $451.90 |
| 03/07/06 | $451.90 |
| 03/24/06 | $451.90 |
| 04/25/06 | $451.90 |
| 05/24/06 | $451.90 |
| 06/23/06 | $451.90 |
| 07/26/06 | $451.90 |

3

| | |
|---|---|
| 09/03/06 | $451.90 |
| 10/03/06 | $451.90 |
| 11/03/06 | $451.90 |
| 12/03/06 | $451.90 |
| 01/03/07 | $451.90 |
| 01/25/07 | $451.90 |
| 02/21/07 | $451.90 |
| 03/26/07 | $451.90 |
| 04/25/07 | $451.90 |
| 05/23/07 | $451.90 |
| 06/25/07 | $451.90 |
| 07/26/07 | $451.90 |

17.     On May 2, 2007, with the pro bono assistance of the University of Connecticut School of Law Tax Clinic ("Tax Clinic") and an accountant, Plaintiff and his wife filed a joint federal individual income tax return for taxable year ended December 31, 1994.

18.     On June 18, 2007, the IRS accepted Plaintiff's joint federal individual income tax return for the taxable year ended December 31, 1994.  That return reflected tax due of $8,834.00, a late filing penalty of $1,987.65, a penalty for failure to pay tax of $2,208.50, and $2,541.87 in interest.

19.     Plaintiff does not dispute the individual income tax assessed by the IRS as a result of his filing of a joint individual income tax return for the taxable year ended December 31, 1994.

20.     On July 23, 2007, the IRS refunded $8,947.87 to Plaintiff.

21.     On that date, the IRS also released the levy on Plaintiff's property by filing a Form 668-D, Release of Levy/Release of Property by Levy.

22.     Notwithstanding the release of the levy on Plaintiff's property, the IRS again levied Plaintiff's Social Security payment on July 26, 2007 in the amount of $451.90.

23.     On August 13, 2007, the IRS refunded amount levied on July 26, 2007, together with $0.50 of interest, for a total payment of $452.40.

24.     Plaintiff's monthly Social Security payments during the period of the IRS's continuous levy were as follows:

4

| Year | Monthly Social Security Payment |
|------|--------------------------------|
| 2005 | $1135.00 |
| 2006 | $1181.00 |
| 2007 | $1220.00 |

25.     The IRS's continuous levy in the amount of $451.90 constituted approximately forty (40) percent of Plaintiff's monthly 2005 Social Security payments, thirty-eight (38) percent of his monthly 2006 Social Security payments, and thirty-seven (37) percent of his monthly 2007 Social Security payments.

26.     To the extent the continuous monthly levy exceeded fifteen (15) percent of Plaintiff's monthly Social Security payments, it was an unauthorized collection action taken in violation of 26 U.S.C. § 6331(h)(1).

27.     Plaintiff incurred at least $125.00 of expenses ($100.00 of postage and $25.00 of courier fees) in seeking the pro bono assistance of the Tax Clinic and in contesting the IRS's continuous levy of his Social Security payments.  These expenses were actual, direct economic damages sustained by Plaintiff as a proximate result of the IRS's unauthorized continuous levy.

28.     On or about November 27, 2007, Plaintiff filed an administrative claim for unlawful collection action to seek redress for the IRS's continuous levy of his Social Security payments in excess of fifteen (15) percent of his Social Security payments.  The administrative claim included an affidavit to support his assertion of actual, direct economic damages because Plaintiff had paid for the expenses in cash.

29.     On or about December 12, 2007, the IRS sent Plaintiff a letter stating that his administrative claim could not be processed because it had not included documentation of the damages he had incurred.

30.     On or about January 4, 2008, Plaintiff resubmitted his administrative claim, to which he attached materials to further document the actual, direct economic damages he had incurred as a result of the IRS's unlawful collection action.  Among the attached materials were copies of stamped envelopes he had sent to the Tax Clinic in which he had transmitted correspondence and other documents relating to the IRS's continuous levy of his Social Security

5

payments.

31.     On or about May 28, 2008, the IRS denied Plaintiff's administrative claim.

## **CLAIM FOR UNLAWFUL COLLECTION ACTION**

32.     Plaintiff realleges and incorporates by reference paragraphs 1-10 and 12-31.

33.     Social Security benefits are federal payments for which eligibility is not based on the income or assets (or both) of the payee.

34.     The IRS's actions in continuously levying Plaintiff's Social Security payments constituted reckless, intentional, or negligent disregard of 26 U.S.C. § 6331(h)(1).  Plaintiff is entitled to an award of his actual damages sustained as a result of having to request the release of the IRS's continuous levy of his Social Security payments, in an amount to be proven more specifically at trial.

## **CLAIM FOR LITIGATION COSTS**

35.     Plaintiff realleges and incorporates by reference paragraphs 1-10, 12-31 and 33-34.

36.     The IRS denied Plaintiff's administrative claim for damages under 26 U.S.C. § 7433 and notified Plaintiff in writing that no administrative appeal was available.  Plaintiff is entitled to an award of litigation costs pursuant to 26 U.S.C. § 7430 and 26 C.F.R. § 301.7433-1(h), in an amount to be proven more specifically at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court enter judgment against Defendant:

a.     Awarding Plaintiff the damages he incurred in seeking release of the IRS's unauthorized collection actions;

b.     Awarding Plaintiff his costs and attorneys' fees, including litigation expenses, reasonably incurred in the prosecution of this action; and

c.     Awarding Plaintiff such other and further relief as the Court shall deem just and proper.

Dated this *3rd* day of December, 2008

Respectfully submitted,

Armando Gomez, D.C. Bar No. 459069
Alan J.J. Swirski, D.C. Bar No. 420046
David W. Foster, D.C. Bar No. 984393
1440 New York Avenue, N.W.
Washington, D.C. 20005
(202) 371-7000


Diana L. Leyden
University of Connecticut
    School of Law Tax Clinic
65 Elizabeth Street
Hartford, CT 06105

*Counsel for Plaintiff*

871254.04-D.C. Server 1A - MSW