**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| Paul Keohane,<br><br>        Plaintiff,<br><br>    v.<br><br>United States of America,<br><br>        Defendant. | Case No.: 1:08-cv-02081-HHK |

### UNITED STATES' ANSWER TO AMENDED COMPLAINT

Defendant, the United States of America, answers plaintiff's complaint as follows:

1. Paragraph 1 of the complaint is plaintiff's legal argument or statement of the law to which no responsive pleading is required by Fed. R. Civ. P. 8. To the extent that paragraph 1 contains any averments to which a responsive pleading is required under Rule 8, such averments are denied.

2. The United States admits so much of paragraph 2 of the complaint as it alleges that from June 2005 to July 2007, the IRS collected individual income taxes by levying in excess of thirty-five percent of plaintiff's monthly Social Security payments. The United States denies the remainder of the allegations in paragraph 2.

3. The United States denies the allegations contained in paragraph 3.

4. The United States denies that plaintiff sustained actual, direct economic damages. The United States further denies that the levy actions taken by the IRS were unauthorized. The United States is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 4.

4198930.1

5. The United States is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 5.

6. The United States admits the allegations in paragraph 6.

7. The United States denies that the court has subject matter jurisdiction over this action. The United States admits that this is a civil action against the United States under 26 U.S.C. § 7433. The remaining allegations contained in paragraph 7 are denied.

8. The United States is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 8.

9. The United States denies the allegations contained in paragraph 9.

10. The United States admits the allegations contained in paragraph 10.

11. The United States repeats its responses to paragraphs 1 through 10 of the complaint as set forth above.

12. The United States admits that plaintiff did not timely file an income tax return for the taxable year ending December 31, 2004. The United States is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 12.

13. The United States denies that a substitute for return can be prepared pursuant to 26 U.S.C. § 6020(b). The United States admits that it assessed a deficiency totaling $18,903.00 against plaintiff for tax year 1994 and assessed that deficiency against plaintiff on October 19, 2008. The United States is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 13.

14. The United States admits the allegations contained in paragraph 14.

15. The United States admits the allegations contained in paragraph 15.

16. The United States admits that in June, 2005, it levied on plaintiff's Social Security payments in the amount of $451.90. The United States admits that it received $451.90 from the Social Security Administration on the dates listed in the complaint. The United States is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 16.

17. The United States admits so much of the allegations contained in paragraph 17 as it alleges plaintiff and his wife filed a joint federal income tax return for the taxable year ending December 31, 2004. The United States denies the remainder of the allegations contained in paragraph 17 for lack of knowledge or information.

18. The United States admits the allegations contained in paragraph 18.

19. The United States admits the allegations contained in paragraph 19.

20. The United States admits the allegations contained in paragraph 20.

21. The United States is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 21.

22. The United States admits that on July 26, 2007, it received $451.90 from the Social Security Administration and credited it to plaintiff's account. The United States is without sufficient knowledge or information to admit or deny the remainder of the allegations contained in paragraph 22.

23. The United States admits it issued to plaintiff a refund totaling $452.40 on August 13, 2007. The United States is without sufficient knowledge or information to admit

or deny the remaining allegations contained in paragraph 23.

24. The United States is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 24.

25. The United States is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 25.

26. The United States admits that its levy constituted more than fifteen (15) percent of plaintiff's Social Security payment. All other allegations contained in paragraph 26 are denied.

27. The United States denies that the expenses alleged by plaintiff are actual, direct economic damages or were the proximate result of the IRS levy. The United States is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 27.

28. The United States admits that plaintiff filed an administrative claim for unlawful collection action on or about November 27, 2007. The United States is without sufficient knowledge or information to admit or deny the remaining allegations contained in paragraph 28.

29. The United States is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 29.

30. The United States is without sufficient knowledge or information to admit or deny the allegations contained in paragraph 30.

31. The United States admits that the IRS denied plaintiff's administrative claim because it found no evidence of a violation of the Internal Revenue Code and because

plaintiff's claim was deemed untimely.

32. The United States repeats its responses to paragraphs 1 through 31 of the complaint as set forth above.

33. The United States admits the allegations contained in paragraph 33.

34. The United States denies the allegations contained in paragraph 34.

35. The United States repeats its responses to paragraphs 1 through 34 of the complaint as set forth above.

36. The United States admits that it denied plaintiff's administrative request and notified plaintiff that he was not entitled to an administrative appeal. The remaining allegations contained in paragraph 36 are denied.

### First Affirmative Defense

37. The Court lacks subject matter jurisdiction over this action because the costs or expenses alleged by plaintiff are not "actual, direct damages" under 26 U.S.C. § 7433(b)(1).

### Second Affirmative Defense

38. The complaint has failed to state a claim upon which relief can be granted because this action was not timely commenced within the two-year period provided by 26 U.S.C. § 7433(d)(3).

//

//

//

WHEREFORE, defendant United States of America respectfully prays that the Court will dismiss this action.

DATE: April 24, 2009                                JEFFREY A. TAYLOR
                                                    United States Attorney

                                                     /s/ Robert J. Gallagher
                                                    ROBERT J. GALLAGHER
                                                    Trial Attorney, Tax Division
                                                    U.S. Department of Justice
                                                    Post Office Box 227
                                                    Ben Franklin Station
                                                    Washington, DC 20044
                                                    Telephone: (202) 616-8994
                                                    Facsimile:   (202) 514-6866
                                                    Email: Robert.J.Gallagher@usdoj.gov

**CERTIFICATE OF SERVICE**

IT IS HEREBY CERTIFIED that the foregoing UNITED STATES' ANSWER TO AMENDED COMPLAINT was served on April 24, 2009, electronically by ECF, to:

>Alan J.J. Swirski
>Skadden Arps Slate Meagher & Flom LLP
>1440 New York Avenue, NW
>Washington, DC 20004-2634
>Telephone: (202) 371-7610
>Facsimile:  (202) 661-0510
>Email: alan.swirski@skadden.com
>*Plaintiff's Counsel*
>
>Armando Gomez
>Skadden Arps Slate Meagher & Flom LLP
>1440 New York Avenue, NW
>Washington, DC 20004-2634
>Telephone: (202) 371-7868
>Email: armando.gomez@skadden.com
>*Plaintiff's Counsel*
>
>David William Foster
>Skadden Arps Slate Meagher & Flom LLP
>1440 New York Avenue, NW
>Washington, DC 20005
>Telephone: (202) 371-7626
>Facsimile:  (202) 661-0586
>Email: david.foster@skadden.com
>*Plaintiff's Counsel*

And by First Class U.S. Mail, postage prepaid, to:

>Diana Lynn Leyden
>University of Connecticut School of Law Tax Clinic
>65 Elizabeth Street
>Hartford, CT 06105
>Telephone: (860) 570-5461
>*Plaintiff's Counsel*

                                            /s/ Robert J. Gallagher