**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

———————————————————— )
PAUL KEOHANE, )
)
              Plaintiff, )
)
         v. )          Case No. 1:08-cv-02081-HHK
)
UNITED STATES OF AMERICA, )
)
              Defendant. )
————————————————————)

**UNITED STATES' RESPONSE TO PLAINTIFF'S
MOTION FOR SUMMARY JUDGMENT**

Plaintiff Paul Keohane's cross-motion for summary judgment should be denied because he is not entitled to judgment as a matter of law.  First, the Internal Revenue Service's use of a single paper levy to seize Keohane's right to collect future Social Security benefits is sanctioned by the express language of section 6331(a) of the Internal Revenue Code (26 U.S.C.).  Second, Keohane's suit under section 7433 is untimely because it was brought more than two years after his claim accrued.  Plaintiff's attempts to overcome these legal hurdles are insufficient.  All of the courts that have considered the issue have upheld the right of the IRS to seize a taxpayer's right to future payments using a one-time levy, and the vast majority of courts have sided with the United States' position that a claim accrues under section 7433 when a plaintiff becomes aware of the existence of a levy.

This is <u>not</u> a case about the loss of Social Security benefits; all of the benefits that the IRS seized were returned to Keohane or applied to his uncontested tax debt once he filed his delinquent federal income tax return.  Plaintiff's argument in support of his motion for summary judgment,

which turns out to be a plea for a change in the law, is a policy argument that is better left to Congress and not the courts.  Accordingly, Keohane's cross-motion for summary judgment should be denied, and the United States' motion should be granted.

## Table of Authorities

**Cases**

Beam v. United States, No. 07-6035, 2007 WL 1674083 (D. Ore. June 6, 2007) .........................6

Davis v. United States, 569 F. Supp. 2d 91, 97 (D.D.C. 2008) .....................................................9

Drye v. United States, 528 U.S. 49 (1999) ....................................................................................4

Duran v. I.R.S., No. 09-345, 2009 WL 700518 (E.D. Cal. Mar. 16, 2009) ...................................6

EC Term of Years Trust v. United States, 550 U.S. 429, 434-35 (2007) ...............................10, 11

* Hines v. United States, --- F. Supp. 2d ---, No. 08-0914, 2009 WL 3113238 (D.D.C. Sept. 30, 2009) ............................................................................................................6, 14

In re Kirk, 100 B.R. 85, 89 (Bk. M.D. Fla. 1989) ..........................................................................4

* Long v. United States, 604 F. Supp. 2d 119 (D.D.C. 2009) .........................................................10

Page v. United States, 729 F.2d 818, 822 (D.C. Cir. 1984) ........................................................8, 9

* Phillips v. C.I.R., 851 F.2d 1492, 1499 (D.C. Cir. 1988) ...........................................................13

Pierce v. Underwood, 487 U.S. 552, 565 (1988) ........................................................................14

Powell v. Castaneda, 390 F. Supp. 2d 1, 9 (D.D.C. 2005) ............................................................9

Schmiedigen v. Celebrezze, 245 F. Supp. 825 (D.D.C. 1965) .......................................................6

Snyder v. United States, 260 Fed. Appx. 488, 493 n. 5 (3rd Cir. 2008) ........................................11

United States v. Marsh, 89 F. Supp. 2d 1171 (D. Haw. 2000) .......................................................5

Wallace v. United States, 557 F. Supp. 2d 100 (D.D.C. 2008) ................................................9, 10

**Federal Statutes**

26 U.S.C. § 6321 ....................................................................................................10

26 U.S.C. § 6322 ....................................................................................................10

* 26 U.S.C. § 6331(a) ........................................................................................*passim*

26 U.S.C. § 6331(e) ...........................................................................................4, 5

26 U.S.C. § 6331(h) .........................................................................................*passim*

26 U.S.C. § 6334 ......................................................................................................4

26 U.S.C. § 7426(a)(1) ..........................................................................................11

26 U.S.C. § 7430(c)(1)(B)(iii) ...............................................................................13

26 U.S.C. § 7430(c)(4)(A) .....................................................................................13

* 26 U.S.C. § 7430(c)(4)(B) ...................................................................................13

26 U.S.C. 7430(c)(4)(A)(i)(I)-(II) ..........................................................................13

26 U.S.C. § 7433(b)(1) ............................................................................................7

26 U.S.C. § 7433(b)(2) ............................................................................................7

* 26 U.S.C. § 7433(d)(2) ....................................................................................8, 12

28 U.S.C. § 1346(a)(1) ..........................................................................................11

42 U.S.C. § 402(a) ...................................................................................................6

42 U.S.C. §§ 402 *et seq.* ........................................................................................6

**Federal Regulations**

26 C.F.R. § 301.7430-5(c)(1) .................................................................................14

26 C.F.R. § 301.7433-1(b)(2)(ii) ..............................................................................8

26 C.F.R. § 301.7433-1(g)(2) .............................................................................8, 12

4961121.1

**Argument**

I.      **The One-Time IRS Levy Was Sufficient To Reach Plaintiff's Right To Receive Social Security Benefits.**

Subsection (h) was added to Code section 6331 as part of the Taxpayer Relief Act of 1997 (P.L. 105-34) ("the Act") to allow a continuing levy on certain specified payments.  Keohane acknowledges that, "[p]rior to that Act, it was settled law that the IRS could levy on Social Security benefits pursuant to its general authority to levy on property, which is found in section 6331(a)." (Pl.'s Br. In Supp. at 9).  A levy under section 6331(a) is extremely broad, reaching "all property and rights to property" not exempted under section 6334.  See Drye v. United States, 528 U.S. 49, 56 (1999).  None of the section 6334 exemptions apply to this case.

Plaintiff's position rests upon the fallacy that only salary and wages are subject (via section 6331(e)) to a levy with continuous effect issued under section 6331(a) and, since Social Security payments are not salary and wages within the meaning of section 6331(e), the IRS cannot rely on a single levy to garnish funds from multiple future payments.  This is incorrect.  A single levy issued under section 6331(a) on a right to property will be effective as to multiple future payments that proceed from that right to property provided it is fixed and determinable at the time the IRS levies. See In re Kirk, 100 B.R. 85, 89 (Bk. M.D. Fla. 1989).   When the IRS levied on Keohane's Social Security benefits, it was not levying on future payments.  It levied upon Keohane's right to property, in this case his fixed and determinable right to Social Security payments in the future.[1]  Put simply,

---

[1] Keohane argues that the existence of section 6331(e) means that a levy issued pursuant to section 6331(a) can only be continuing if it is issued as to salary and wages.  Because Social Security benefits are not salary and wages, he avers, a levy on Social Security benefits cannot be continuing.  This is a false interpretation.  The need for section 6331(e)'s continuing levy provision on salary and wages arises from the fact that salary and wages are not fixed and determinable.  A person might quit or be fired from a job earning a salary, in which case there is

4

the IRS levied once because it levied upon a single right.  The fact that the IRS levy was sufficient to seize subsequent payment of those benefits is immaterial.

Keohane admits that, under section 6331(a), the IRS regularly levied up to 100% of a taxpayer's Social Security benefits before the current subsection (h) was added in 1997.  (Pl.'s Br. In Supp. at 10).  Therefore, plaintiff's position is only persuasive if subsection (h) acted to restrain or curtail the levy power of the IRS.  Keohane goes to great lengths in an attempt to muddy the waters of this issue, even suggesting that the facts that levies on Social Security benefits were addressed in the 1997 Internal Revenue Manual and the IRS Chief Counsel's Office issued advice concerning treatment of continuing levies somehow cast doubt on the IRS's power to levy on Social Security benefits.  (Pl.'s Mot. In Supp. at 13).  But the advice issued by the Chief Counsel and the legislative history all point to the same conclusion: subsection (h) was designed to enlarge the IRS's power to levy in pursuit of tax liabilities, not constrain it.  See United States v. Marsh, 89 F. Supp. 2d 1171, 1179 (D. Haw. 2000).  Nowhere is there any evidence that Congress was concerned when it considered passage of section 6331(h) about the IRS levying on too great a percentage of taxpayers' Social Security benefits through section 6331(a).  The court should not accept Keohane's invitation to read such a concern into the statutory history.

Section 6331(h) is an additional tool that provides the Service an alternative way to levy on specified payments.  The Service is not required to issue a levy under subsection (h) every time it seizes Social Security benefits to collect unpaid federal taxes.  It may do so under section 6331(a).

_____

no right – fixed, determinable, vested, or otherwise – to future wages.  Thus, the Service could not reach, as a right to property through section 6331(a), multiple payments of a taxpayer's salary and wages absent the provisions of section 6331(e) unless it levied every pay period. Section 6331(e) saves the Service that trouble.  Because Social Security benefits differ from salary and wages in that they are fixed and determinable, no corresponding statute is needed.

4961121.1

Hines v. United States, --- F. Supp. 2d ---, No. 08-0914, 2009 WL 3113238 at *6 (D.D.C. Sept. 30, 2009); Duran v. I.R.S., 2009 WL 700518 at *3-4 (E.D. Cal. 2009); Beam v. United States, 2007 WL 1674083 at *1 (D. Ore. 2007) ("Social Security retirement benefits are not exempt from levy or subject to the limitations on continuous levy for specified payments"). The Hines court recognized the most important difference between a levy issued under section 6331(a) and a continuing levy on specified payments issued under section 6331(h). While a levy under subsection (a) may attach to a higher percentage of a payment arising from an existing right to property, a levy issued pursuant to subsection (h) is capped at 15% of payments but will attach to future rights as they arise. This is a consideration the Service takes into account when deciding whether to levy under section 6331(a) or section 6331(h).

Keohane suggests that he has a more compelling explanation of his position than was offered by the plaintiff in Hines, but provides no argument where the court in Hines went astray. (See Pl.'s Br. In Supp. at 14 n. 11). Keohane's argument is that Social Security Retirement benefits are not "fixed and determinable." (Id. at 12, 14). However, the Hines court addressed this question directly, and found that the plaintiff's right to Social Security benefits was indeed fixed and determinable. Hines's right was fixed because it is vested. Hines, 2009 WL 3113238 at *6, citing 42 U.S.C. § 402(a); Schmiedigen v. Celebrezze, 245 F. Supp. 825, 827 (D.D.C. 1965). His right to benefits was determinable based on a calculation using his average lifetime earnings as part of a complex formula found in the Social Security statutes. Hines, 2009 WL 3113238 at *6, citing 42 U.S.C. §§ 402 et seq. The same is true here.

Keohane argues that his Social Security benefits are not determinable because he might work again after he starts to receive benefits, thereby changing the amount of benefits he is entitled to

receive.  While it is true that the amount may change, whether by additional income earned by the beneficiary, cost of living adjustments, or for some other reason, the amount of Social Security benefits to which he is entitled is still calculable at any given moment.  The requirement that a right to property levied upon by the IRS be determinable does not mean that the amount of funds due the taxpayer must be set in stone.  It simply means that the amount must be able to be determined. Keohane's Social Security benefits meet that requirement.  The levy issued on Keohane's right to receive Social Security benefits was therefore allowable under section 6331(a), and not subject to the 15% cap found in section 6331(h).

## II.    Plaintiff's Costs Of the Action Are Recoverable.

In his amended complaint, Keohane alleges damages totaling $765 for internet access, postage and courier fees.  (Am. Compl. ¶ 27).  The United States moved for summary judgment on this point because those costs are administrative expenses, not "actual, direct economic damages" under 26 U.S.C. § 7433(b)(1).  (See Def.'s Br. In Supp. Of Sum. J. at 22-25).  In his motion for summary judgment plaintiff abandons most of those costs, instead claiming $23.55 in postage and courier costs as actual, direct economic damages.  Keohane argues, for the first time, that the $350 he paid to file this suit are "costs of the action" under section 7433(b)(2).

The United States acknowledges that Keohane paid $350 to the Clerk, and further acknowledges that this amount is recoverable under section 7433(b)(2).  The United States maintains, however, that Keohane's claim for $23.55 in postage and courier fees is not actual, direct economic damages.  These fees were incurred in sending to the Connecticut Tax Clinic "correspondence and other documents relating to the IRS's levy of Plaintiff's Social Security payments."  (Stip. ¶ 20).  The Tax Clinic assisted Keohane with filing his 1994 tax return and

pursuing an administrative appeal.  The Treasury Regulations bar administrative costs including "any costs incurred pursuing administrative relief."  26 C.F.R. § 301.7433-1(b)(2)(ii).  The $23.55 paid by Keohane to communicate with the Tax Clinic were related to filing his return and making an administrative appeal.  Because those costs are barred as administrative costs, they are not recoverable in this action.

### III.    Keohane's Suit Is Barred By the Two Year Statute Of Limitations.

An action under Code section 7433 "may be brought only within two years after the date the right of action accrues."  26 U.S.C. § 7433(d)(2).  A cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action."  26 C.F.R. § 301.7433-1(g)(2).  Having received prior notice that his Social Security benefits were the subject of an IRS levy, Keohane's right of action accrued on June 6, 2005, the date of the first deduction from his Social Security benefits check.  (See Stip. ¶¶ 10, 11).  As this suit was brought on December 3, 2008, more than two years after plaintiff's right of action accrued, it is barred by the statute of limitations.[2]

### A.    Keohane's Right Of Action Accrued On the Date His Social Security Benefits Were First Garnished.

Keohane claims that his right of action did not accrue until July 26, 2007, the date of the last allegedly wrongful levy, and thus his suit is timely.  He is wrong.  Keohane's argument rests upon a faulty application of the continuing violation theory.  The continuing violation theory is used appropriately only when an injury is "gradual, resulting from the cumulative impact of years of allegedly tortious" conduct.  Page v. United States, 729 F.2d 818, 822 (D.C. Cir. 1984).  There was

---

[2] Plaintiff's administrative claim, brought November 27, 2007, was also untimely.

nothing gradual about the effect of the levy on Keohane's Social Security benefits.  Any possible

violation, if indeed there was a violation, occurred and was fully actionable on the June 6, 2005, the

date of the first deduction from Keohane's benefits.

The continuing violation theory, as demonstrated in <u>Page</u>, is only applicable when the nature

of an injury is such that it takes years for accumulated harm to build up before an injury is

noticeable.  Keohane did not lack for notice or awareness that his benefits were the subject of a levy.

He simply failed to take action to protect himself from the levy.  Accepting Keohane's view of the

continuing violation theory would render any repetitive series of tortious acts subject to a constantly

re-setting statute of limitations.  This view is at odds with the principle that the continuing violation

theory should be guardedly employed, lest it destroy statutes of limitations.  <u>See</u> <u>Powell v.</u>

<u>Castaneda</u>, 390 F. Supp. 2d 1, 9 (D.D.C. 2005).

Swimming against the overwhelming tide of prior decisions (<u>see</u> cases collected in Def.'s

Br. In Supp. at 15-17), plaintiff relies primarily on <u>Wallace v. United States</u>, 557 F. Supp. 2d 100

(D.D.C. 2008), to support his position.[3]  Keohane echoes the <u>Wallace</u> court's worry that failure to

apply the continuing violation theory might "allow the tortfeasor to acquire a right to continue its

conduct by virtue of the statute of limitations."  <u>Id.</u>  Of course, any statute of limitations may serve

to foreclose a delinquent party from relief they might be entitled to under the law.  In any event,

neither Keohane nor any other similarly situated taxpayer is at risk of that occurring.  Keohane had

---

[3] Plaintiff also cites <u>Davis v. United States</u>, 569 F. Supp. 2d 91, 97 (D.D.C. 2008).  In <u>Davis</u>, the court did not analyze when the claim accrued because there was no need – the suit was filed more than two years after the final adverse action, and so was barred by any theory of claim accrual under section 7433.  The relevant cases are those where a claim would be barred if the claim were deemed to have occurred on the date of notice or first adverse action but allowed if the date of accrual of is the date of the final adverse action.  <u>Davis</u> is of the latter persuasion, and so adds nothing to plaintiff's argument.

4961121.1

no need of a lawsuit to have the levy removed from his right to Social Security benefits or to recover the excess funds garnished from his checks. He simply filed a tax return, as he should have done approximately fourteen years earlier, and the situation was resolved. A taxpayer who filed a timely tax return and against whom a deficiency was assessed, resulting in a levy, has the opportunity to challenge the assessment and/or file an amended return. Keohane's specter of an innocent taxpayer left without recourse is a red herring.

As discussed more fully in the United States' brief in support of its motion for summary judgment, there are several reasons Wallace is not persuasive. First, the question of accrual was raised *sua sponte* by the district court, and was not briefed by the parties. The question before the court was one of venue and the court held that in fact the proper venue for that case was in Wyoming, raising the question whether the district court had jurisdiction to consider the issue of when the claim accrued at all. When the Wyoming district court considered a more fully developed record, it found that the transferring court's position was clearly erroneous, and found for the United States. (See Exhibit C [DE# 18-4] to Def.'s Br. In Supp.).

Furthermore, a recent local case in which the issue of accrual was more fully considered flatly rejected the approach adopted in Wallace. See Long v. United States, 604 F. Supp. 2d 119 (D.D.C. 2009). Keohane attempts to avoid Long by arguing that there is a fundamental difference between accrual of a claim for cases involving levies and cases involving liens.[4] The sole support offered for this position is EC Term of Years Trust v. United States, 550 U.S. 429, 434-35 (2007).

---

[4] This is specious, particularly when it is observed that the authority to levy, under Code section 6331, is derived entirely from the tax lien that arises upon assessment, notice and demand for payment, and failure to pay the assessed tax. See 26 U.S.C. §§ 6321 and 6322. In short, the levy cannot be separated from the lien.

4961121.1

Plaintiff badly misreads <u>EC Term of Years Trust</u> when he cites it for the proposition that a difference

exists, for statute of limitations purposes, between liens and levies.  (<u>See</u> Pl.'s Br. In Supp. at 22).

The difference recognized in <u>EC Term of Years Trust</u> between statutes of limitations for IRS liens

and levies is simply a statutory difference in the time allotted to challenge each action.  The Court

merely recognized that Congress has established a nine-month statute of limitations for a third party

to challenge an IRS levy (<u>see</u> 26 U.S.C. § 7426(a)(1)), which is shorter than the two-year statute of

limitations provided for a taxpayer to challenge lien on his or her property, as governed by the

general grant of jurisdiction over a claim for refund found in 28 U.S.C. § 1346(a)(1).  <u>EC Term of</u>

<u>Years Trust</u> makes no grand pronouncements about the fundamental difference in accrual of a claim

relating to a lien versus a levy.  Speaking on this point, the Third Circuit Court of Appeals has

recognized that accrual of a claim brought for failure to release a lien under 26 U.S.C. § 7432 is

analyzed in the same way as a claim brought pursuant to section 7433.  <u>See</u> <u>Snyder v. United States</u>,

260 Fed. Appx. 488, 493 n. 5 (3rd Cir. 2008).

 Plaintiff offers an ill-conceived "rock-throwing machine" analogy to illustrate his point. (<u>See</u>

Pl.'s Br. In Supp. at 22).  Keohane argues that a plaintiff could recover for the last rock thrown,

where a rock is thrown once a month by the machine, provided the plaintiff brought his suit within

two years of being hit by the last rock.  But Keohane's claim for damages does not arise from the

throwing of the last rock (in this case the final check from which funds were garnished) or from the

throwing of any rock, for that matter.  Keohane's suit arises from the building of the machine (the

filing of the levy), and he had notice of its existence with when he was hit with the first rock (June

6, 2005, when his Social Security check was reduced in accordance with the notice he had

previously received).  This argument confuses the cause with the effect.  A suit under section 6331

and 7433 is a suit for wrongful levy, not one for multiple effects of the levy.  Plaintiff's claim rests upon a showing that his suit was brought within two years of his opportunity to discover that the levy itself was wrongful.

### B. Plaintiff Knew Or Reasonably Should Have Known Of the IRS's Levy On the Day His Benefits Were First Garnished.

Keohane argues that, although he had notice of an IRS levy and was aware his benefits were being garnished pursuant to that levy, he did not know nor should he have known the essential elements of his claim until he was made aware that the IRS had used a single levy, and had not been issuing new levies monthly.  This argument turns the rule that a cause of action accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action," 26 C.F.R. § 301.7433-1(g)(2), into a safe haven where a plaintiff may sleep on his claim indefinitely provided he has less than perfect knowledge of every legal requirement and fact of his case.

The United States cited, on pages 14 through 17 of its Brief In Support, multiple instances where courts have found that a taxpayer has had a reasonable opportunity to discover the essential elements of his claim when he learns of the existence of a lien or levy.  Beyond those cases, Keohane's position fails on its face.  Having a <u>reasonable</u> <u>opportunity</u> to discover essential facts does not mean that a statute of limitation will not run against a potential plaintiff until he has <u>actual</u> <u>knowledge</u> of the essential facts.  Plaintiff's argument, if accepted, would nullify the statute of limitations in section 7433(d)(2).  There will almost always be some important detail or legal element unknown to a taxpayer against whom the IRS takes collection action.  On June 6, 2005, Keohane knew that his right to Social Security benefits had been levied upon, he knew that $451.90 was being deducted from his monthly checks, and he knew what percentage of his checks that

deduction constituted.  (Stip. ¶¶ 8, 10, 11).  At that point, he had actual knowledge of the essential elements of his claim, and had a reasonable opportunity to discover the remaining details.  Because he waited more than two years from that date to bring this suit, his claim is barred by the statute of limitations and should be dismissed accordingly.

## IV.    Plaintiff Is Not Entitled To Attorneys' Fees and Costs

Plaintiff claims that he is entitled to reasonable litigation costs, including attorney's fees, under 26 U.S.C. § 7430(c)(1)(B)(iii).  To recover attorney's fees, a taxpayer must demonstrate that he is a "prevailing party."  26 U.S.C. § 7430(c)(4)(A).  As an initial matter, Keohane's motion for attorneys' fees is untimely because he has not prevailed with respect to the amount in controversy or with respect to the most significant issue(s) presented.  See 26 U.S.C. 7430(c)(4)(A)(i)(I)-(II).  Only after the plaintiff has prevailed in this action would it be proper to consider awarding attorneys' fees under section 7430.

In any event, Keohane is not entitled to attorneys' fees in this case because he is not a prevailing party within the meaning of section 7430.  A taxpayer is not a prevailing party if the Government demonstrates that its position was "substantially justified."  26 U.S.C. § 7430(c)(4)(B).  Keohane asserts that neither the actions of the IRS of the Government's litigation position was justified.  The actions of the IRS, prior to filing this lawsuit, have no bearing on this determination.  "[T]he relevant position of the government is exclusively the one taken in the actual litigation."  Phillips v. C.I.R., 851 F.2d 1492, 1499 (D.C. Cir. 1988).  "Whether the government's position is 'substantially justified' under § 7430 must be determined based upon all the facts and circumstances surrounding the proceeding and the fact that the Government loses the case should not be determinative."  Id.; see also 26 C.F.R. § 301.7430-5(c)(1) ("[t]he position of the Internal Revenue

4961121.1

Service is substantially justified if it has a reasonable basis in both fact and law"); Pierce v. Underwood, 487 U.S. 552, 565 (1988) (position is "substantially justified" when it is "justified to the degree that could satisfy a reasonable person").

The position taken by the United States in this litigation is directly supported by statute and precedent.  Hines is directly on point, and supports the United States' position regarding the use of a one-time levy under section 6331(a) to seize Social Security benefits.  On the issue of when the claim accrued under section 7433, the overwhelming majority of the courts that have confronted the issue have approved the position taken by the United States in this action.  In the face of all that, Keohane still attempts to make the argument that there is "no justification" for the United States' litigation position.  Keohane's attempt to wrangle attorneys' fees out of what is really nothing more than his attempt to change the state of the law falls far short of the mark.  His claim for attorneys' fees should be denied.

### Conclusion

The United States is entitled to summary judgment for two reasons.  First, Keohane has failed to state a claim because the issuance of a single levy under section 6331(a) against the right to receive social security benefits is not capped by the 15% limit in section 6331(h).  Second, he brought his suit outside the statute of limitations, and it should therefore be dismissed for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim.  The United States asks this court to grant its motion for summary judgment, and deny plaintiff's cross-motion.

//

//

//

14

4961121.1

DATE: December 11, 2009                   Respectfully submitted,

JEFFREY A. TAYLOR
United States Attorney

 /s/ Robert J. Gallagher
ROBERT J. GALLAGHER
Trial Attorney, Tax Division
U.S. Department of Justice
Post Office Box 227
Ben Franklin Station
Washington, DC 20044
Telephone: (202) 616-8994
Facsimile:   (202) 514-6866
Email: Robert.J.Gallagher@usdoj.gov

4961121.1

## CERTIFICATE OF SERVICE

IT IS HEREBY CERTIFIED that the foregoing RESPONSE TO PLAINTIFF'S CROSS-MOTION FOR SUMMARY JUDGMENT was served on December 11, 2009, electronically by ECF, to:

> Alan J.J. Swirski
> Skadden Arps Slate Meagher & Flom LLP
> 1440 New York Avenue, NW
> Washington, DC 20004-2634
> Telephone: (202) 371-7610
> Facsimile:  (202) 661-0510
> Email: alan.swirski@skadden.com
> *Plaintiff's Counsel*

> Armando Gomez
> Skadden Arps Slate Meagher & Flom LLP
> 1440 New York Avenue, NW
> Washington, DC 20004-2634
> Telephone: (202) 371-7868
> Email: armando.gomez@skadden.com
> *Plaintiff's Counsel*

> David William Foster
> Skadden Arps Slate Meagher & Flom LLP
> 1440 New York Avenue, NW
> Washington, DC 20005
> Telephone: (202) 371-7626
> Facsimile:  (202) 661-0586
> Email: david.foster@skadden.com
> *Plaintiff's Counsel*

And by First Class U.S. Mail, postage prepaid, to:

> Diana Lynn Leyden
> University of Connecticut School of Law Tax Clinic
> 65 Elizabeth Street
> Hartford, CT 06105
> Telephone: (860) 570-5461
> *Plaintiff's Counsel*

/s/ Robert J. Gallagher

4961121.1