UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

PAUL KEOHANE,

        Plaintiff,

    v.

UNITED STATES OF AMERICA,

        Defendant.

Civil Action 08-02081  (HHK)

**MEMORANDUM OPINION**

Paul Keohane brings this suit against the United States seeking damages resulting from an allegedly unlawful levy the Internal Revenue Service ("IRS") placed on Keohane's Social Security payments. Before the Court are the parties' cross-motions for summary judgment [##18, 19]. Upon consideration of the motions, the oppositions thereto, and the entire record of this case, the Court concludes that the case must be dismissed because Keohane did not file his complaint within the applicable statute of limitations.

**BACKGROUND**

Keohane, a United States citizen living in Malaysia, failed to file a timely federal tax return for the taxable year that ended on December 31, 1994. Stipulation of Undisputed Facts [#17][1] ("Stip.") ¶ 2. After preparing a substitute federal income tax return for 1994, the IRS assessed a deficiency of $18,903.00 against Keohane, less a credit of $8,273.00 for withheld income tax. ¶¶ 3, 4. Although the IRS sent Keohane notices of intent to levy twice in 2000 and

---

[1] Unless otherwise specified, all paragraph citations refer to paragraphs in the parties' Stipulation of Undisputed Facts.

twice in 2002, Keohane did not receive these notices. ¶ 6. From June 2005 through July 2007, the IRS levied Keohane's Social Security payments in the amount of $451.90 per month. ¶ 8. The IRS executed the levy by issuing a single paper levy to the Social Security Administration. ¶ 9. Keohane learned that his Social Security payments were being levied by the IRS no later than his receipt of a letter from the Social Security Administration dated May 18, 2005, which he received less than a month later. ¶ 10. Keohane and his wife filed a joint federal income tax return for tax year 1994 in May 2007, the IRS accepted the return in June 2007, and issued a partial refund and released the levy in July 2007. ¶¶ 12-13. The IRS again levied Keohane's Social Security payment three days after the levy was released, then refunded the amount levied, with interest, a month later. ¶ 14. The amount levied from Keohane's monthly Social Security payments each month exceeded 15 percent of his monthly payment. ¶ 17.

Keohane contacted the University of Connecticut Law School Tax Clinic for legal assistance regarding the levy and sometime after December 4, 2006, learned that the $451.90 was being removed from his Social Security payments each month based on a single paper levy rather than separate monthly levies. ¶ 18. In November 2007, Keohane filed an administrative claim against the IRS, alleging that the single IRS paper levy was unlawful because it exceeded 15 percent of his Social Security benefits. ¶ 24. In May 2008, the IRS denied Keohane's administrative claim because it found no violation and because the claim was untimely. ¶ 27. Keohane filed the complaint in this case on December 4, 2008. ¶ 28.

Keohane's amended complaint alleges that "[b]y levying more than fifteen (15) percent of Plaintiff's monthly Social Security payments from June 2005 to July 2007, the IRS recklessly, intentionally, or negligently violated 26 U.S.C. § 6331(h)(1)." Am. Compl. ¶ 3 [#13]. Keohane

claims that he "sustained actual, direct economic damages as a result of contesting the unauthorized levy actions taken by the IRS." *Id.* ¶ 4.[2]

## ANALYSIS

The United States argues that Keohane's claim is barred by the statute of limitations, and that as a result the Court lacks subject matter jurisdiction over his claim. Even if it is not barred, the United States contends that it is entitled to judgment because Keohane does not seek any actual or direct economic damages and because the IRS is permitted to levy more than 15 percent of Social Security payments pursuant to 26 U.S.C. § 6331(a).[3] Keohane's cross-motion for summary judgment maintains that his suit is timely, the levy violated 26 U.S.C. § 6331(h), and he sustained compensable damages. The Court agrees with the United States that Keohane's suit is barred by the statute of limitations.

Keohane brings this suit pursuant to 26 U.S.C. § 7433, under which a taxpayer can bring a civil action for damages against the United States "[i]f, in connection with any collection of Federal tax with respect to a taxpayer, any officer or employee of the Internal Revenue Service recklessly or intentionally, or by reason of negligence disregards any provision of [the Internal Revenue Code], or any regulation promulgated under [the Internal Revenue Code]." An action

---

[2] Keohane's amended complaint alleges that he "incurred at least $765.00 of expenses ($640.00 of internet charges, $100.00 of postage, and $25 of courier fees)" contesting the levy. ¶ 27. In his motion for summary judgment, however, Keohane claims that he is entitled to $373.55 in damages, based on the $350.00 filing fee for this action and $23.55 in postage and courier costs to communicate with the University of Connecticut Tax Clinic. Keohane Mot. Summ. J. [#19] at 16-18.

[3] Although presented as a motion for summary judgment, the United States' arguments — that the Court lacks subject matter jurisdiction and that plaintiff has failed to state a claim upon which relief can be granted — are in fact arguments for dismissal under Fed. R. Civ. P. 12(b).

under § 7433 "may be brought only within 2 years after the date the right of action accrues." § 7433(d)(3). A cause of action under § 7433 accrues "when the taxpayer has had a reasonable opportunity to discover all essential elements of a possible cause of action." 26 C.F.R. § 301.7433-1(g)(2).

Under principals of sovereign immunity, the United States is "immune from suit, save as it consents to be sued." *United States v. Dalm*, 494 U.S. 596, 608 (1990) (internal quotations omitted). The court's jurisdiction is defined by the terms of the United States' consent to be sued and "[a] statute of limitations requiring that a suit against the Government be brought within a certain time period is one of those terms." *Id.* As a result, "when a party seeks to sue the United States pursuant to a waiver of sovereign immunity, the expiration of the limitations period has traditionally been construed as a bar to jurisdiction, and thus a proper subject for a motion to dismiss under Rule 12(b)(1)." *W. Va. Highlands Conservancy v. Johnson*, 540 F. Supp. 2d 125, 138 (D.D.C. 2008) (internal quotation omitted).

It is undisputed that Keohane first learned that his Social Security benefits would be subject to an IRS levy when he received a letter from the Social Security Administration shortly after May 18, 2005. Stip. ¶10. Keohane did not file the complaint in this action until December 3, 2008, more than two years later. He argues that his suit was timely under two alternative theories. First, under the continuing violation doctrine, Keohane maintains that the suit is timely because it was filed within two years of the date the IRS last levied his Social Security payment. Alternatively, Keohane contends that the suit was brought within two years after he learned that the IRS levy was relying on a single levy rather than individual levies each month. Keohane's arguments are unavailing. "[W]hen a statute of limitations has been regarded as jurisdictional, it

4

has acted as an absolute bar that cannot be overcome by the application of judicially recognized exceptions such as waiver, estoppel, equitable tolling, fraudulent concealment, the discovery rule, and the continuing violations doctrine." *W. Va. Highlands Conservancy*, 540 F. Supp. 2d at 138 (internal quotation and alterations omitted).

Even if the Court considered Keohane's equitable arguments, they would be rejected. The continuing violation doctrine[4] is not applicable here because Keohane became aware in June 2005 that the IRS had placed a levy on his account and that the amount levied exceeded 15 percent of each of his monthly Social Security payment. ¶ 11. It was not "only in its cumulative impact" that Keohane came to believe the levy was unlawful, nor does he allege any impediment to his seeking to redress it. As such, the continuing violations doctrine does not save Keohane's untimely claim. *See, e.g., Wallace v. United States*, 372 Fed. Appx. 826, 830-31 (10th Cir. 2010) (rejecting taxpayer's argument that her cause of action did not accrue until the levy on her pension account ceased; "the continuing wrong doctrine does not apply when the injury is definite and discoverable, and nothing prevented the plaintiff from coming forward to seek redress") (internal quotation omitted); *Dziura v. United States*, 168 F.3d 581, 583 (1st Cir. 1999) (rejecting taxpayers' continuing violations theory, which "is generally thought to be inapposite when an injury is definite, readily discoverable, and accessible in the sense that nothing impedes the injured party from seeking to redress it"); *Long*, 604 F. Supp. 2d at 122 (rejecting plaintiffs'

---

[4] "The continuing violation doctrine applies when the complained of act is one that could not reasonably have been expected to be made the subject of a lawsuit when it first occurred because its character as a violation did not become clear until it was repeated during the limitations period, typically because it is only its cumulative impact . . . that reveals its illegality." *Long v. United States*, 604 F. Supp. 2d 119, 122 (D.D.C. 2009) (quoting *Taylor v. FDIC*, 132 F.3d 753, 765 (D.C. Cir. 1997) (internal quotation omitted)).

invocation of the continuing violations doctrine and finding their claims barred by the statute of limitations because each of the tax liens placed on their house was a single act even if it had continuing effects).

Keohane is also mistaken in his alternative argument that his claim did not accrue until he learned in December 2006 that the levy was the result of a single levy rather than a separate levy each month. In June 2005, Keohane became aware of the levy and the amount being levied from his account. At that point, Keohane "had a reasonable opportunity to discover all essential elements" of this cause of action for the purposes of 26 C.F.R. § 301.7433-1. It was not necessary for him to know what particular kind of levy the IRS had executed in order for him to challenge it. *See Kovacs v. United States*, 614 F.3d 666, 674 (7th Cir. 2010) (holding that for the purposes of a claim brought under § 7433, the "statute of limitations 'begins to run once a plaintiff has knowledge that would lead a reasonable person to investigate the possibility that his legal rights had been infringed.'. . . . 'It does not matter whether the plaintiff knows the injury is actionable — he need only know that he has been injured.'") (quoting *Fayoade v. Spratte*, 284 Fed. Appx. 345, 347 (7th Cir. 2008)).

The Court finds that Keohane's claim against the IRS accrued no later than June 2005 when he learned that the IRS was levying more than 15 percent of his monthly Social Security payments. Because he did not file this suit until December 2008, it is barred by the statute of limitations as set forth in 26 U.S.C. § 7433(d)(3), and this Court is without jurisdiction to address it.

## CONCLUSION

For the foregoing reasons, the Court grants the United States' motion for summary judgment [#18] and denies Keohane's motion for summary judgment and request for a hearing [#19].  An appropriate order accompanies this memorandum opinion.

                                                                Henry H. Kennedy, Jr.
                                                               United States District Judge